UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEDA CAPITAL-LENOX, LLC,

        Plaintiff,

v.

COMMISSIONER OF THE INTERNAL
REVENUE SERVICE, in his official
capacity; and AMERICAN GROUP I
CIVIL ENGINEERING, P.C.,

        Defendants.
_____

5:09-CV-0877
(GTS/DEP)

APPEARANCES:

LAW OFFICE OF ALLAN R. PEARLMAN
  Counsel for Plaintiff
116 West 23rd Street, Suite 500
New York, NY 10011

THE HUNT LAW FIRM, PC
  Co-Counsel for Plaintiff
1001 Craig Road, Suite 260
St. Louis, MO 63146

U.S. DEPT. OF JUSTICE – TAX DIVISION
  Counsel for Defendant Comm'r of IRS
555 4th Street NW
Washington, DC 20001

OF COUNSEL:

ALLAN R. PEARLMAN, ESQ.

CHRIS A. RATCLIFF, ESQ.
JACQUELYN BUSCH HUNT, ESQ.

JOSEPH R. RODRIGUEZ, ESQ.

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court in this civil action for declaratory relief filed by JEDA Capital-Lenox, LLC ("Plaintiff") against the Commissioner of the Internal Revenue Service in his official capacity ("the Commissioner") and American Group I Civil Engineering, P.C. ("American Group") is the Commissioner's motion to dismiss Plaintiff's claim against it for lack

of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  (Dkt. No. 5.)  For the reasons set forth below, the Commissioner's motion is granted, and Plaintiff's Complaint is dismissed in its entirety.

I.      RELEVANT BACKGROUND

     A.      Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint claims that the Commissioner wrongfully designated Plaintiff as the alter ego of American Group, because it either "did not consider" or "improperly applied" New York State law.  (Dkt. No. 1.)

More specifically, Plaintiff alleges that the designation was incorrect for the following reasons: (1) "[Plaintiff] is properly formed and validly existing as a domestic New York limited liability company in good standing"; (2) "[Plaintiff] was adequately capitalized upon formation through the initial contributions of its members"; (3) "Plaintiff . . . owns no stock and has no ownership interest in Defendant American [Group]"; (4) "New York Education Law § 7202, § 7204 and § 7210 . . . prohibit[] [Plaintiff] from owning any shares in American"; (5) "American has no ownership interest in [Plaintiff]"; (6) "[Plaintiff] and American are completely different companies with completely different businesses"; (7) "[Plaintiff]'s business is essentially that of a landlord in which it provides ground leasing of land to . . . Lowe's Companies, Inc.," an unrelated company; (8) "American provide[s] professional engineering and land surveying services"; (9) "American does not provide ground leasing to anyone and is not a landlord"; (10) "[Plaintiff] does not, and under New York Law, cannot provide professional engineering and land surveying services"; (11) "[o]wnership of . . . [Plaintiff] and American[] is distinctly different"; (12) "[Plaintiff] has two members; Michael O'Neill and Thomas O'Neill"; (13)

"Michael O'Neil owns a 10% membership interest in JEDA while Thomas O'Neill owns a 90% membership interest"; (14) "American has one shareholder, Michael O'Neill, who owns 100% of the company's stock"; (15) "[n]either [Plaintiff] nor its members have ever described [Plaintiff] as a division or department of American"; (16) "[u]pon information and belief no documents exist suggesting that [Plaintiff] is a department or division of American"; (17) "[Plaintiff] is not responsible for the business or finances of American and has never guaranteed any debt on behalf of American"; (18) "[Plaintiff] has no business discretion or management authority over American or its directors"; (19) "[Plaintiff] has no employees in common with American and in fact has no employees at all"; (20) "[Plaintiff] has on occasion hired American to provide engineering and surveying services," which "were contracted for through arms length transactions handled in the same business manner as transactions with any other service provider"; (21) "[Plaintiff] keeps its own books and records, files its own tax return and is treated as an independent business and profit center from American"; (22) "[Plaintiff] has no agreement or understanding with American to share in the profits or losses of . . . American"; (23) "[a]s a business practice, [Plaintiff] and American do not co-mingle funds[, but rather] each company maintains its own bank account into which it deposits its revenue and from which it pays bills"; and (24) "[t]he members of [Plaintiff] act independently and in the best interest of [Plaintiff]." (*Id.*)

Plaintiff further alleges that, based on the Commissioner's improper alter-ego designation, (1) on or about November 5, 2008, the Commissioner issued Plaintiff two Notices of a Federal Tax Lien stating, *inter alia*, that Plaintiff had been designated as the alter ego of American Group, (2) on or about January 5, 2009, the Commissioner issued three Notices of

3

Levy to Lowes Home Centers, Inc., also stating, *inter alia*, that Plaintiff had been designated as the alter ego of American Group, (3) in response to the liens and levies, Plaintiff filed a request for CAP appeal with the Internal Revenue Service ("IRS"), pursuant to IRS Form # 9423, (4) a CAP appeal hearing was held and subsequent determination was issued by the Commissioner sustaining the issuance of the alter-ego liens and levies, and (5) the Commissioner has subsequently issued levies against Plaintiff, causing it to suffer irreparable harm for which there is no adequate remedy at law.

As relief for the Commissioner's wrongful designation of Plaintiff as the alter ego of American Group, Plaintiff requests that the Court issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, declaring that (1) Plaintiff is not the alter ego of American Group, and (2) the Commissioner "erred, ignored or erroneously applied New York [S]tate law" in its determination to the contrary. (*Id*.)

Before proceeding to a description of the parties' arguments on the Commissioner's motion, the Court pauses to make two observations regarding Plaintiff's Complaint. First, occasionally in his Complaint, Plaintiff refers to the wrongdoer as not the Commissioner but the IRS. (*See generally* Dkt. No. 1.) The Court does not even liberally construe Plaintiff's Complaint as intending to assert a claim against the IRS, for two reasons: (1) Plaintiff's Complaint does not list the IRS, but the Commissioner, as a party in the caption and "parties" section of the Complaint; and (2) such a claim against the IRS would apparently be barred.[1]

---

[1] *See, e.g.*, *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity. . . . Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as

Rather, the Court construes Plaintiff's Complaint as intending to assert a claim against the Commissioner.

Second, the Court construes Plaintiff's Complaint as intending to assert a claim against the Commissioner in only his official capacity, for two reasons: (1) Paragraph 6 of the Complaint expressly uses the words "in his official capacity" to describe Plaintiff's claim against the Commissioner; and (2) the Complaint appears to lack factual allegations supporting a claim against the Commissioner in his individual capacity. (*See generally* Dkt. No. 1.)

### B.     The Commissioner's Motion

Generally, in support of his motion to dismiss for lack of subject-matter jurisdiction, the Commissioner argues that, as the head of an agency of the United States, he is immune from suit under the Declaratory Judgment Act, 28 U.S.C. § 2201, because (1) that Act expressly prohibits any court from granting declaratory relief in cases with respect to "Federal taxes," and (2) this case expressly involves federal taxes. (*See generally* Dkt. No. 5, Attach. 2 [Commissioner's Memo. of Law].)

Generally, in response to the Commissioner's motion to dismiss, Plaintiff argues as follows: (1) this Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1340, which provides federal courts with original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue"; and (2) the Declaratory Judgment Act's prohibition against issuing declarations in cases regarding "Federal taxes" does not apply

---

members of the United States Civil Service Commission."); *see also Clegg v. United States Treasury Dep't*, 70 F.R.D. 486, 488-89 (D. Mass. 1976) ("In order to sue a federal agency in its own name, Congressional consent must clearly be found . . . No such statutory authorization provides jurisdictional grounds for this suit as against either the United States Treasury Department or the United States Secret Service.")

under the circumstances, because (a) that prohibition applies only to cases challenging the *merits* of an IRS tax determination, not the *procedural* validity of an IRS tax determination, and (b) here, Plaintiff is merely challenging the procedural validity of the IRS's determination that Plaintiff is the alter ego of American Group, not the IRS's underlying tax assessment.  (*See generally* Dkt. No. 15 [Plf.'s Response Memo. of Law].)

**II.     RELEVANT LEGAL STANDARDS**

    **A.     Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss when that court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists." *Sharkey v. Quarantillo*, 541 F.3d 75, 82-83 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 [1992]).  In reviewing a motion to dismiss for lack of subject-matter jurisdiction, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Sharkey*, 541 F.3d at 83.

    **B.     Legal Standard Governing Claim Brought Under Declaratory Judgment Act**

The Declaratory Judgment Act "bars district courts from exercising jurisdiction over cases or actual controversies 'with respect to' [federal] taxes." *Greene v. I.R.S.*, 08-CV-0280, 2008 WL 5378120, at *5 (N.D.N.Y. Dec. 23, 2008) (Kahn, J.).[2]  "Congress enacted this tax

---

[2]     *See also S.E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002) ("The Declaratory Judgment Act . . . allows a federal court to declare the rights and obligations of the parties properly before it in any 'case of actual controversy within its jurisdiction, *except with respect to Federal taxes*.'") (quoting 28 U.S.C. § 2201[a]) (emphasis in original).

exception to prevent the use of the Declaratory Judgment Act as a means of avoiding the established principle that a taxpayer must pay the assessment before challenging it." *Greene*, 2008 WL 5378120, at *3. "A controversy is 'with respect to' federal taxes '[i]f it call[s] into question a specific provision of the Internal Revenue Code, or . . . a ruling or regulation issued under the Code.'" *Id*. at *5 (quoting *McCarthy v. Marshall*, 723 F.2d 1034, 1037 [1st Cir. 1983]). "Thus, whether or not that Act waives the sovereign immunity of the United States with respect to other types of actions, it explicitly excludes from any such waiver the power to declare rights or obligations with respect to federal taxes." *S.E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002).

### III. ANALYSIS

As stated above in Part I.B. of this Decision and Order, the Commissioner argues that, as the head of an agency of the United States, he is immune from suit under the Declaratory Judgment Act, 28 U.S.C. § 2201, because (1) that Act expressly prohibits any court from granting declaratory relief in cases with respect to "Federal taxes," and (2) this case expressly involves federal taxes.

As explained above in Part II.B. of this Decision and Order, a case is "with respect to Federal taxes" if it calls into question a specific provision of the Internal Revenue Code, or a ruling or regulation issued under the Internal Revenue Code.

As stated above in Part I.B. of this Decision and Order, in response to the Commissioner's motion to dismiss, Plaintiff argues as follows: (1) this Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1340, which provides federal courts with original jurisdiction over "any civil action arising under any Act of Congress providing for

7

internal revenue"; and (2) the Declaratory Judgment Act's prohibition against issuing declarations in cases regarding "Federal taxes" does not apply under the circumstances, because (a) that prohibition applies only to cases challenging the *merits* of an IRS tax determination, not the *procedural* validity of an IRS tax determination, and (b) here, Plaintiff is merely challenging the procedural validity of the IRS's determination that Plaintiff is the alter ego of American Group, not the IRS's underlying tax assessment.

### A. Whether 28 U.S.C. § 1340 Confers on the Court Subject-Matter Jurisdiction Over Plaintiff's Claim Against the Commissioner

"Section 1340 of 28 U.S.C. gives the federal district courts 'original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue,' . . . but as a general jurisdictional statute, it does not of itself constitute a waiver of sovereign immunity." *Credit Bancorp., Ltd.*, 297 F.3d at 137. Rather, a court must look to the statute that give rise to the plaintiff's claim to determine whether sovereign immunity has been waived. *Id.*; *Aqua Bar & Lounge, Inc. v. U.S. Dept. of Treasury Internal Revenue*, 539 F.2d 935, 937-38 (3d Cir. 1976).

Here, Plaintiff's claim arises under the Declaratory Judgment Act. In other words, in order for the Court to consider the merits of Plaintiff's claim, the Court may not merely rely on 28 U.S.C. § 1340, but must conclude that the United States has waived its sovereign immunity under the Declaratory Judgment Act.

### B. Whether the Declaratory Judgment Act Confers on the Court Subject-Matter Jurisdiction Over Plaintiff's Claim Against the Commissioner

As explained above in Part II.B. of this Decision and Order, the Declaratory Judgment Act "bars district courts from exercising jurisdiction over cases or actual controversies 'with respect to' [federal] taxes." *Greene*, 2008 WL 5378120, at *5.

In support of its argument that the United States has waived its sovereign immunity under the Declaratory Judgment Act, Plaintiff relies heavily on *Rodriguez v. United States*, 629 F. Supp. 333, 336 (N.D. Ill. 1986). In *Rodriguez*, the IRS made an assessment that determined that the plaintiffs owed a sum of money for unpaid taxes, penalties and interest during a three-year period. *Rodriguez*, 629 F. Supp. at 335. "When th[e money] went unpaid after notice and demand, the IRS levied on real estate owned by plaintiffs and scheduled it for sale." *Id*. "However, on the last day before the sale, . . . plaintiffs redeemed their property by tendering three checks . . . to [a revenue officer, who] . . . accepted the checks[.]" *Id*. Roughly three months later, "the IRS issued a refund check to plaintiffs for $2,822.46, which they promptly negotiated." *Id*. Approximately seven months later, plaintiffs "discovered that [the revenue officer] had levied . . . their account at [a bank because] . . . [t]he IRS considered plaintiffs to be $2,750 in arrears." *Id*. Before levying their bank account, the IRS "sent no additional notice of deficiency, demand for payment or notice of levy." *Id*.

Based on the IRS's failure to provide the plaintiffs with notice before levying their bank account, the plaintiffs asserted a claim "against the United States (Department of the Treasury, Internal Revenue Service), alleging that the levy is void for failure to follow the *procedures* for levy set out in the Internal Revenue Code, . . . [,] and [a claim] against [the revenue officer] for violation of their due process rights under the Fifth Amendment, causing emotional distress[.]" *Id*. (emphasis added). The plaintiffs' claim against the United States sought injunctive relief, and the plaintiffs' claim against the revenue officer sought damages. *Id*.

Before considering the merits of the plaintiffs' claim against the United States, the district court concluded that it had jurisdiction to do so because the claim "challenge[d] only the

9

*procedural* validity of a tax levy, not the *merits* of the alleged tax liability[.]" *Id*. at 336 (emphasis added). In reaching this conclusion, the district court relied on the fact that the IRS's failure to provide the plaintiffs with notice precluded the plaintiffs from litigating the determination in Tax Court, during which time the IRS would not have been able to either assess that deficiency or levy on the plaintiff's property, unless the delay put eventual collection in jeopardy. *Id*. at 337. In addition, the district court noted that, "[i]f the IRS could simply seize property without notice, while the district court remained unable to hear tax complaints until the disputed sum was paid, the IRS would have the power to make the Tax Court alternative effectively meaningless." *Id*.

Here, as explained above in Part I.A. of this Decision and Order, Plaintiff seeks to challenge the Commissioner's designation of Plaintiff as the alter ego of American Group based on his failure to "consider" or "improper[] appli[cation]" of New York State law. To the extent that Plaintiff challenges the Commissioner's alter-ego designation based on his "improper[] appli[cation]" of New York State law, the Court finds that such a challenge both attacks the "merits" of the Commissioner's determination, under *Rodriguez*, 629 F. Supp. at 336, and "call[s] into question a specific provision of the Internal Revenue Code, or a ruling or regulation issued under the Internal Revenue Code," under *Greene*, 2008 WL 5378120, at *5. *See Lapadula & Villani, Inc. v. United States*, 563 F. Supp. 782, 784 (S.D.N.Y. 1983) ("The Declaratory Judgment Act expressly provides that a Court may not declare the rights and other legal relations of interested parties where federal taxes are in issue.").[3]

---

[3] *See also KMG Props. v. I.R.S.*, 08-CV-1544, 2009 WL 1885930, at *5 n.10 (W.D. Pa. June 30, 2009) (noting that the rules of the Internal Revenue Code afford the IRS the authority to "assess penalties against any person or corporate employer who is required to collect

To the extent that Plaintiff challenges the Commissioner's alter-ego designation based on his failure to "consider" New York State law, the Court reaches the same conclusion. Conspicuously absent from Plaintiff's detailed Complaint is any factual allegation plausibly suggesting that any provision of the Internal Revenue Code, or regulation issued under that Code, requires that the Notices of Federal Tax Lien issued by the Commissioner to Plaintiff on or about November 5, 2008, expressly "consider" New York State law, in order to be procedurally valid. (*See generally* Dkt. No. 1.) Indeed, the form Notices attached to Plaintiff's Complaint contain no box indicating that such a provision or regulation exists. (Dkt. No. 1, Attach. 2.) Plaintiff's response memorandum of law is similarly devoid of any representation that such a provision or regulation exists. (*See generally* Dkt. No. 15.) Simply stated, Plaintiff's characterization of this challenge as "procedural" in nature is creative but unsupported by the law.

Moreover, even assuming for the sake of argument that such a provision or regulation exists (thus arguably rendering the challenge in question "procedural" in nature), here, Plaintiff received subsequent due process to remedy the violation of such a provision or regulation, unlike the plaintiff in *Rodriguez*.

Finally, the violation of such a provision or regulation would not give rise to the sort of procedural challenge required to conclude that the United States has waived its sovereign immunity. As the Northern District of Illinois explained in *Rodriguez*, "[a] mere grant of jurisdiction . . . not necessarily equivalent to a waiver of the sovereign immunity which the

---

and pay over withholding taxes and fails to do so[,]" and the term "person" may include a company's "alter ego").

United States enjoys." *Rodriguez*, 629 F. Supp. at 337.  Rather, "[c]onsent to be sued when the IRS oversteps its procedural bounds [exists when] . . . the IRS has issued a levy on a taxpayer's property without first notifying the taxpayer that it had determined a deficiency, or that it levied during the 90-day period after that notice, or for an inadequate jeopardy procedure, . . . [or] [f]or other types of procedural flaws . . . [involving an] action to quiet title to either realty or personalty on which the United States claims a lien." *Rodriguez*, 629 F. Supp. at 337-38.

Here, even when construed with the utmost liberality, Plaintiff's claim does not involve a challenge to the notification that Plaintiff received, nor does it involve an inadequate jeopardy procedure, or an action to quiet title to either realty or personalty on which the United States claims a lien.  (*See generally* Dkt. No. 1.)  Nor does Plaintiff even present an argument to such effect.  (*See generally* Dkt. No. 15.)  The Court notes that, under the circumstances, Plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence.  *See Valentine Prop. Assoc., LP v. U.S. Dept. of Hous. and Urban Dev.*, 05-CV-2033, 2007 WL 3146698, at *4 (S.D.N.Y. Oct. 12, 2007) (noting that "[a]ny waiver of the government's sovereign immunity must be strictly construed in favor of the government[, and] [l]ike other motions to dismiss for lack of subject matter jurisdiction, a plaintiff must prove by preponderance of evidence that jurisdiction exists where the defendant asserts a defense of sovereign immunity").

The Court would add only that, with regard to the "notification" challenge referenced in *Rodriguez*, Plaintiff's Complaint in this action acknowledges that the Commissioner issued Plaintiff Notices of Federal Tax Lien on or about November 5, 2008 (notifying it, *inter alia*, that Plaintiff had been designated as the alter ego of American Group), approximately two months

before the Commissioner issued a Notice of Levy against Lowes Home Centers, and more than two months before the Commissioner started issuing levies against Plaintiff.  (Dkt. No. 1, at ¶¶ 8-9, 13.)  Moreover, Plaintiff's Complaint acknowledges that Plaintiff subsequently appealed the alter-ego designation to the IRS's appeals office, exhausting all its administrative remedies.  (*Id*. at ¶ 10-12.)  In other words, unlike the circumstances in *Rodriguez*, here Plaintiff received prior notice (and subsequent due process), based on Plaintiff's own allegations.

For all of these reasons, the Court finds *Rodriguez* distinguishable.  Similarly distinguishable are the other cases on which Plaintiff relies, including *Johnson v. United States*, 990 F.2d 41 (2d Cir. 1993).

As a result, Plaintiff's claim against the Commissioner is dismissed for lack of subject-matter jurisdiction.  The Court notes that, because the defect in this detailed claim is substantive rather than merely formal, any amendment would be futile.

### C. Whether Plaintiff's Claim Against American Group Should Also Be Dismissed

While Plaintiff's Complaint lists American Group as a Defendant in both its caption and its "parties" section, it does not allege any facts plausibly suggesting any wrongdoing by American Group in its body.  (*See generally* Dkt. No. 1.)[4]  Moreover, Plaintiff's Complaint requests no relief from American Group in its "Prayer for Relief."  (*Id*. at 8.)  Finally, and most importantly, Plaintiff alleges no grounds on which the Court can, or should, assert subject-matter jurisdiction over any claim by Plaintiff against American Group independent of Plaintiff's claim

---

[4]     Indeed, it alleges that American Group is entirely owned by Michael O'Neil, who owns 10% of Plaintiff.  (*Id*. at ¶¶ 15.l, 15.m.)

against the Commissioner, which has been dismissed from this action.  (*Id*. at ¶ 2.)[5]

For all of these reasons, Plaintiff's claim against American Group is *sua sponte* dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**ACCORDINGLY**, it is

**ORDERED** that the Commissioner's motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: August 10, 2011
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[5]  The Court notes that Plaintiff's Complaint alleges that Plaintiff and American Group are both citizens of New York State.  (Dkt. No. 1, ¶¶ 5, 7.)